ACCEPTED
06-14-00240-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/22/2015 3:42:39 PM
DEBBIE AUTREY
CLERK

No. 06-14-00240-CR

IN The Sixth Court of Appeals
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/22/2015 3:42:39 PM
DEBBIE AUTREY
Clerk

DENISE GAIL DOOLEY,

*Appellant,*

V.

THE STATE OF TEXAS,

*Appellee.*

Appeals from the 124th District Court

Gregg County, Texas

Trial Court No. 42,348-B

*ANDERS* BRIEF

ATTORNEY FOR

APPELLANT:

Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:   817-887-4333

ORAL ARGUMENT NOT REQUESTED

## LIST OF PARTIES AND COUNSEL

**APPELLANT:** **DENISE GAIL DOOLEY**
**TDCJ No. Pending**
Gregg County Jail
101 E. Methvin, Ste. 559
Longview, TX 75601

Represented at original plea by:
Edward Choy
SBOT No. 24062665
606 E. Methvin St.
Longview, TX 75601
Phone:   903-212-4878

Represented at sentencing by:
Richard A. Hurlburt
SBOT No. 10308600
222 N. Fredonia St.
Longview, TX 75606
Phone:   903-234-8181

Represented on appeal by:
Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:    817-887-4333

**APPELLEE:**   **State of Texas**

Represented at original plea by:
Vincent Botto
Gregg County District Attorney
SBOT No. 24059180
101 E. Methvin, Ste. 333
Longview, TX 75601

i

Phone:    903-236-8440

Represented at original plea by:
Christopher Parker
Gregg County District Attorney
SBOT No. 24046585
101 E. Methvin, Ste. 333
Longview, TX 75601
Phone:    903-236-8440

Represented on appeal by:
Van Colson Brown
Gregg County District Attorney
SBOT No. 03205900
101 E. Methvin, Ste. 333
Longview, TX 75601
Phone:    903-236-8440

# TABLE OF CONTENTS

List of Parties and Counsel..........................i

Table of Contents..................................iii

Index of Authorities................................iv

Statement of the Case...............................vi

Issues Presented..................................viii

Statement of Facts...................................1

Summary of the Arguments.............................3

Argument.............................................6

    I.   APPELLANT'S PLEA OF GUILTY COMPLIED WITH THE REQUIREMENTS OF ARTICLE 26.13 OF THE TEXAS CODE OF CRIMINAL PROCEDURE..................6

    II.  NO OBJECTION TO THE EVIDENCE WAS MADE DURING THE PUNISHMENT STAGE OF TRIAL AND NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT...............8

    III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED ON THE RECORD BEFORE THIS COURT........................10

Statement of Attorney to the Court..................13

Conclusion and Prayer...............................14

Certificate of Compliance...........................15

Certificate of Service..............................16

# INDEX OF AUTHORITIES

**Case Law:**

*Anders v. California,*
    386 U.S. 738, 744, (1967) . . . . . . . . . . . 4,14

*Brady v. United States,*
    397 U.S. 742, 749, (1970). . . . . . . . . . . . 7

*Crawford v. State,*
    890 S.W.2d 542, 544 (Tex.Crim.App.1985). . . . . 7

*Currie v. State,*
    516 S.W.2d 684 (Tex.Cr.App.1974). . . . . . . . 14

*Fuentes v. State,*
    688 S.W.2d 542, 544 (Tex.Crim.App 1985). . . . . 7

*Hernandez v. State,*
    726 S.W.2d 53, 57 (Tex.Crim.App.1986). . . . . . 11

*Jack v. State,*
    871 S.W.2d 741 (Tex.Cr.App.1974) . . . . . . . . 5

*Jackson v. State,*
    877 S.W.2d 768, 771 (Tex.Crim.App.1994) . . . . .11

Jeffery v. State,
    903 S.W. 776 (Tex.App.-Dallas 1995, no pet.). 5, 14

*Strickland v. Washington,*
    466 U.S. 668 (1984). . . . . . . . . . . . . 11, 12

*Thompson v. State,*
    9 S.W.3d 808, 812 (Tex.Crim.App.1999). . . . 11, 12

*United States v. Johnson,*
    527 F.2d 1328, 1329 (5th Cir. 1976). . . . . . . 4

**Statutes:**

Tex. Code Crim. Proc. Art. 26.13 . . . . . . . . 5, 6, 7

## STATEMENT OF THE CASE

Appellant waived indictment for attempting to possess or obtain a controlled substance by fraud, a third degree felony, and elected to enter a guilty plea to the court on April 18, 2013. RR2 p. 5; CR p. 26. Appellant waived presentment of the case to a grand jury and pleaded "guilty" to the offense alleged by information presented by the office of the Gregg County District Attorney. CR p. 6, 26; RR2 p. 5. The trial court deferred a finding of guilt for four years and placed Appellant on deferred adjudication probation with certain conditions. RR2 p. 12; CR p. 22.

On December 31, 2013, the Trial Court heard an agreed modification of probation. RR 4, p. 4. At that time, the trial court modified the Conditions of Probation, requiring that Appellant attend and complete the Texas Department of Criminal Justice (TDCJ) Substance Abuse Felony Punishment Facility (SAFP). RR4, p 4; CR p. 52.

On December 11, 2014, the Trial Court heard the State's Application for Adjudication of Guilt in this cause. RR5, p. 5; CR pp. 59-60, 65. Appellant pleaded "true" to the allegations contained in the Application, and the trial court found Appellant guilty of attempting to possess or obtain a controlled substance by fraud. RR5 pp 5-6; CR 65. A punishment trial was heard by the trial court wherein evidence was presented by both the Appellant and the State. RR5 pp. 6-28. Appellant was sentenced by the Trial Court to seven (7) years confinement in the Institutional Division of the Texas Department of Criminal Justice. CR5 p. 29-30; CR 65.

# ISSUES PRESENTED

I.   Whether Appellant's plea of guilty complied with the requirements of Article 26.13 of the Texas Code of Criminal Procedure?

II.  Whether an objection was made to the evidence or exhibits during the punishment stage of trial?

III. Whether ineffective assistance of trial counsel is a viable claim based upon the record before this Court?

TO THE HONORABLE SIXTH COURT OF APPEALS:

Comes now Jeff T. Jackson, attorney for DENISE GAIL DOOLEY, Appellant in the above styled and numbered causes, and respectfully submits this *Anders* Brief and would show the Court the following:

## STATEMENT OF THE FACTS

Appellant was charged by information with attempting to possess or obtain a controlled substance by fraud. CR p. 6. The State alleged that on January 8, 2013, Appellant attempted to possess a controlled substance, namely, Hydrocodone, through use of a fraudulent telephonically communicated prescription. CR6 S-1, S-2. Edward Choy represented Appellant, and on April 18, 2013, Appellant entered a plea of "guilty" to the charged offense. RR2 p. 5; CR p. 12. Based on

NOTE:
The record is referred to as:
"CR": clerk's record in Cause No.43406-A.
"RR": reporter's record in Cause No.43406-A.

1

a plea agreement between Appellant and the State, the trial court deferred a finding of guilt, placing Appellant on deferred adjudication probation for four years with various conditions of probation. RR2 p. 12; CR pp. 10, 18, 22.

On December 31, 2013, Richard Hurlburt represented the Appellant on an agreed modification of probation. RR4, p. 4. Based on an agreement between Appellant and the State, the trial court modified the conditions of probation by adding the condition that Appellant attend and complete SAFP. RR4, p 4; CR 52.

On December 11, 2014, the Trial Court heard the State's Application for Adjudication of Guilt of the Appellant for the offense of attempting to possess or obtain a controlled substance by fraud. RR5, p. 5; CR p. 65. Richard Hurlburt represented the Appellant. A punishment trial was heard by the Trial Court wherein evidence was presented by both the Appellant and the State. RR5 pp. 6-28. Appellant was sentenced by the Trial Court to seven years confinement in the

2

Institutional Division of the Texas Department of Criminal Justice with credit for time she had served. RR5 p. 29-30.

## SUMMARY OF THE ARGUMENTS

Under *Anders v. California, 386 U.S. 738, 744, (1967)*, a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal is wholly frivolous. To comply with *Anders*, counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976). After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous. *Anders*, 386 U.S. at 744. Appellant's counsel has reviewed the Clerk's Record and Reporter's Record from the Trial Court, the sentence received by Appellant and the factual basis for the sentence. As set forth in the Brief, there are no non-frivolous issues.

The record reveals that the trial court substantially complied with Article 26.13 of the Texas Code of Criminal

4

Procedure when accepting Appellant's plea. CR2 pp. 5-10. No objection was made by Appellant to any of the evidence, exhibits, deferment of a finding of guilt or placement of Appellant on deferred adjudication probation. RR2 pp. 11-14. There are no jurisdictional defects. There are no non-jurisdictional defects arising at or after entry of the plea. *See Jack v. State*, 871 S.W.2d 741 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal with supporting exhibits in accordance with the procedures and standards set out in Jeffery v. State, 903 S.W. 776 (Tex.App.-Dallas 1995, no pet.).

## ARGUMENTS AND AUTHORITIES

### I.

APPELLANT'S PLEA OF GUILTY COMPLIED WITH THE REQUIREMENTS OF ARTICLE 26.13 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

Appellant's counsel has reviewed the record in detail and has identified no action or inaction on the trial court's part that suggests harmful error in the Defendant's pleading guilty to the charges.

Before accepting a guilty plea, the trial court must admonish a defendant of: (1) the punishment range, (2) the fact that the State's sentencing recommendation is not binding on the court, (3) the limited right to appeal and (4) the possibility of deportation. Tex. Code Crim. Proc. art. 26.13(a). The admonishments may be made either orally or in writing. Id at 26.13(d).

At Appellant's original pleas, the court admonished Appellant on the proper range for the charge of attempting to possess or obtain a controlled substance

6

by fraud. RR2 pp. 5-6; CR pp. 7-8. The court substantially complied with the requirements of the statute in accepting Appellant's guilty plea as evidenced by the written plea admonishments and verbal admonishments by the trial judge. RR2 pp. 5-10, CR pp. 7-8.

To be constitutionally valid, a guilty plea must be knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 749, (1970); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(b). When the record shows that the trial court admonished the defendant in substantial compliance with Article 26.13 of the Code of Criminal Procedure, this is a prima facie showing that the plea was knowing and voluntary. *See* Tex.Code Crim. Proc Ann. art. 26.13(C); *See Crawford v. State*, 890 S.W.2d 542, 544 (Tex.Crim.App.1985). There is nothing in the record to indicate Appellant pleaded guilty and true without understanding the consequences of her plea, and as a result, Appellant suffered no harm. *See Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App 1985). The

7

trial court accepted Appellant's original plea of guilty and a finding of guilt was deferred. RR2 pp. 10-14. The voluntariness of Appellant's pleas is shown by the record. RR2 p. 5-10; CR p. 8. The trial court asked Appellant's trial attorney certain questions relating to Appellant's competency, and the trial court found Appellant to be competent. RR 2 p. 10. Appellant also stated in her written plea admonishments that she was competent. CR p. 8.

II.

NO OBJECTION TO EVIDENCE OR EXHIBITS WAS MADE DURING THE PUNISHMENT STAGE OF TRIAL AND NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT.

On the 18th day of April, 2013, Appellant's plea of guilty was accepted by the trial court. CR2 pp. 10. Appellant was placed on deferred adjudication probation, and the trial court adjudicated Appellant guilty on December 11, 2014. RR 5 p. 30; CR p. 65. The punishment phase of Appellant's trial began on December 11, 2014. RR5 p. 6. No evidence was presented by the state other than the Stipulation of Evidence and the Guilty Plea. RR5 p. 7. Appellant made no objection to evidence or exhibits offered by the state, RR5 pp. 6-28, and the trial judge sentenced Appellant to seven (7) years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). RR5 p. 30; CR p. 65.

The trial court was the fact finder for purposes of the punishment decision. The evidence before the court was substantial and the sentence was adequate. The judge's remarks following the close of evidence indicate the circumstances taken in consideration related to the sentence assessed in open court. RR5 pp. 30-31.

III.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT

A VIABLE CLAIM BASED UPON THE RECORD BEFORE THIS

COURT

Claims of ineffective assistance of counsel are analyzed under the two-prong test set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that trial counsel's performance was deficient, that is, counsel's representation fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

Appellant must also show that counsel's deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). This requires Appellant show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different. *Strickland,* 466 U.S. at 694; *Jackson,* 877 S.W.2d at 771. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694; *Jackson,* 877 S.W.2d at 771.

In reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy. *Thompson,* 9 S.W.3d at 813; *Strickland,* 466 U.S. at 689. Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. *Thompson,* 9 S.W.3d at 813; *see Jackson,* 877 S.W.2d at 771. It is the Appellant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.*

At the guilt phase of her trial wherein she entered a plea of "guilty," Appellant was informed by the trial

12

court of her right to plead "not guilty" and have the case tried before a jury. RR2 p. 6. At no point during any of the proceedings in this cause did Appellant assert to the trial court that she was unhappy with the performance and representation of her trial counsel, Mr. Choy. Appellant also swore to the statement contained in the written plea admonishments that Appellant was satisfied with trial counsel's representation. CR p. 8. Appellant pleaded guilty freely and voluntarily after being properly admonished of the punishment range, RR2 p. 5-10; CR p. 7. Based on this record, no legitimate non-frivolous basis exists to argue trial counsel was constitutionally ineffective at the original guilty plea or punishment phase of Appellant's trial.

## STATEMENT OF ATTORNEY TO THE COURT

This brief is filed by counsel appointed by the court to represent Appellant on appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal with supporting exhibits in accordance with the procedures as standards set out in *Jeffery v. State*, 903 S.W.2d 776 (Tex.App.-Dallas 1995, no pet.). After thorough examination of the clerk's record and reporter's record, counsel can find no point of error that can be supported by the record. Counsel has discussed the evidence and the documents in the record, citing references to the records.

## **PRAYER**

Wherefore, premises considered, the undersigned counsel requests the Court of Appeals review the record on appeal, consider the Motion to Withdraw as Court Appointed Counsel with supporting affidavit, review the foregoing Brief in Support of Motion to Withdraw, and grant the Motion to Withdraw.

Respectfully submitted,

_____
Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax: 817-887-4333
Email:
jefftjacksonlaw@gmail.com

*Attorney for Appellant,*
  *DENISE GAIL DOOLEY*

15

## CERTIFICATE OF COMPLIANCE

The foregoing Appellant's Brief is in compliance with TEX. R. APP. P. 9.4(i)(2)(B). The total number of words contained in Appellant's Brief that are not specifically excluded from the word count under TEX. R. APP. P. 9.4 (i)(1) is 1,730 words.

_____
Jeff T. Jackson
SBOT No. 24069976
*Attorney for Appellant,*
*DENISE GAIL DOOLEY*

16

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the above Motion was served on the State of Texas by mailing same to the District Attorney of Gregg County on April 22, 2015.

I further certify that I have mailed a copy of the above Brief and accompanying motion by First Class Mail, postage paid, to Appellant, DENISE GAIL DOOLEY, TDCJ No. [Pending], at the address listed above on the same date.

_____
Jeff T. Jackson

17